## WALL v. McMILLAN.

1. PARTIES—APPEAL—AMENDMENTS.—It appearing to this court, on the hearing of an appeal, that the heirs and devisees of the deceased mortgagor were not parties to the action, which was an action of foreclosure, the appeal was suspended, and the case remanded to the Circuit Court for the purpose of having them made parties.

2. FORECLOSURE—PAYMENT TO BENEFICIARIES.—In action by a sheriff to foreclose a mortgage given to him officially by the purchaser at a judicial sale, it is no defence to the mortgagor that he has made payments to some of the parties who are interested in the proceeds of such sale; but judgment of foreclosure being rendered, its enforcement may be stayed until the rights of the distributees are ascertained, the mortgagor being entitled to credit on his mortgage for the shares of the distributees purchased by him.

Before NORTON, J., Marion, October, 1894.

Action by W. A. Wall, as sheriff of Marion County, against S. E. McMillan and M. I. McMillan, executors of W. C. McMillan, to foreclose a mortgage given to plaintiff by said W. C. McMillan. Under order of the Supreme Court, who declined to hear an appeal until the heirs and devisees of W. C. McMillan were made parties, these persons were made defendants.

*Mr. W. J. Montgomery,* for appellant on second appeal.

*Messrs. Johnson & Johnson,* contra.

July 13, 1895.   The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.   This case, which has been docketed at the present term of this court as two cases, is, in fact, but one case, as will appear from the following statement: The action was originally commenced by the plaintiff, as successor in office of one D. F. Berry, who, as sheriff of Marion County, had sold the real estate described in the complaint, and the same was bid off by the testator, W. C. McMillan, who gave his bond and mortgage to secure the payment of the purchase money to the said Berry, as sheriff as aforesaid, and the object of the action was to foreclose said mortgage.   The complaint was in the usual form down to the sixth paragraph thereof, which was as follows: "That the condition of the said bond and mortgage has been broken, and there is due and remaining unpaid upon said bond and mortgage the sum of $1,051.65, with interest from the 30th day of July, A. D. 1875, payable annually, subject to a credit of $95.95, of date August 18th, 1875."

The executors, who alone were made parties defendants originally, answered, admitting all the allegations in the complaint except those contained in the sixth paragraph thereof, all of which were denied except that stating the payment mentioned therein.   The answer of the executors sets up, as a further defence, the fact that the land covered by the mortgage now sought to be foreclosed belonged to the estate of Ann B. Avant, who died intestate many years since, leaving as her heirs at law the persons named in the answer as such, being at the time of her death seized and possessed of this real estate and considerable personal property; that the personal property has been sold by her administrator, and this land, under proceedings for partition, was sold and bid off by one John B. Shackelford, who made considerable payments thereon, and the same was afterwards sold, under proceedings to foreclose the mortgage given by him, to enforce the payment of the bal-

ance due on said mortgage, at which sale the testator, W. C. McMillan, became the purchaser, and gave the bond and mortgage upon which the present action is founded. The answer goes on to state the devolutions of the shares of some of the heirs of the said Ann B. Avant, by their deaths, upon their heirs, and also the transfers of the shares of some of the parties to the testator, W. C. McMillan. The answer also alleges that the estate of the said Ann B. Avant has never been settled, but that some of the heirs have received more than their shares therein, and that the presumption is, that others of them have been paid in full. Wherefore, said defendants submit that it would be inequitable and unjust to have the mortgage given by the testator, W. C. McMillan, foreclosed and the money due thereon collected, until it is ascertained what interest the respective heirs of the said Ann B. Avant, or their assigns, may have in the mortgage debt, which will then be paid without the necessity for a foreclosure of the mortgage. Wherefore, said defendants demand judgment that the plaintiff be enjoined from proceeding to foreclose said mortgage until the interests of the said heirs or their assigns shall have first been ascertained.

To this answer the plaintiff interposed a demurrer upon the ground that the answer does not state facts sufficient to constitute a defence to plaintiff's cause of action as stated in the complaint. The case came before his honor, Judge Ernest Gary, who rendered judgment sustaining the demurrer, and ordering that the cause "be referred to the master for Marion County to compute the amount due on said mortgage, and report his actings and doings to the court with all convenient speed."

From this judgment defendants appealed, whereby the only question presented was whether there was error in sustaining the demurrer. But this court, at a former term, after the case was fully opened, finding that neither the heirs nor devisees of the mortgagor, who held the legal title to the land sought to be sold, were parties to the proceeding, directed that the appeal be suspended and the case be remanded to the Circuit Court for the purpose of having such heirs and devisees made parties. In pursuance of this direction the case

was remanded to the Circuit Court, and the plaintiff amended his complaint, bringing in the heirs and devisees of the mortgagor, W. C. McMillan, as parties defendants. To this amended complaint two of the adult devisees and heirs at law answered, very much to the same effect as the answer filed by the executors to the original complaint, while the minor heirs and devisees filed a formal answer. The plaintiff demurred to the answer of the adult heirs and devisees upon the same ground, to wit: that the facts stated in the answer were not sufficient to constitute a defence to plaintiff's cause of action. Upon this demurrer the case was heard by his honor, Judge Norton, who rendered judgment overruling the demurrer, from which judgment plaintiff appeals, upon the grounds stated in the record.

In the present attitude of the case it becomes unnecessary to consider the appeal from the judgment of Judge Gary sustaining the original demurrer to the answer, as that judgment was rendered when all the necessary parties were not before the court. But as will be seen from what we shall have to say in disposing of the appeal from the judgment of Judge Norton, we do not think there was any error on the part of Judge Gary in sustaining the original demurrer.

We are unable to find in either of the answers any allegation that the mortgage debt has either been fully or partially paid and satisfied. There certainly is no allegation that any part of the mortgage debt, except that mentioned in the complaint, has ever been paid to the holder of the bond and mortgage. The allegations, at most, only amount to a claim that some of the parties interested in the fund represented by the bond and mortgage have received their shares therein, but this surely cannot amount to a payment on the bond; for, if so allowed, the interest of others entitled to shares in the fund might be seriously jeopardized, if not entirely destroyed. The defendant's testator, by his contract with a public officer, obligated himself to pay to such officer the amount of money mentioned in the bond; and to an action to enforce the performance of that contract it is no defence to say that he had made payments to others not legally authorized to receive the same. It seems to

us that the several matters set up in the answers, while not constituting any defence to the plaintiff's cause of action, will be entitled to the fullest consideration when the question comes up as to the disposition of the fund represented by the bond and mortgage now sought to be foreclosed, but they cannot defeat plaintiff's right to a judgment of foreclosure, though they may be potential, when properly presented to the Circuit Court, in inducing that court to suspend the enforcement of that judgment until the rights of the parties claiming an interest in the fund can be fully ascertained. But as long as there is anything due and unpaid on the mortgage debt there is nothing to prevent a judgment of foreclosure.

The judgment of this court is, that the judgment of Judge Norton, overruling the demurrer to the answer, be reversed, and that the case be remanded to the Circuit Court, with instructions to refer it to the master to inquire and report what amount is due on the mortgage debt, after giving credit to the testator's estate for all payments properly made thereon, and after deducting the amounts to which the several parties who have assigned their shares in such fund to defendant's testator may be entitled.